**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AGAVE LOCO LLC, an Illinois limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CHEERS WINE & SPIRITS, LLC, a California limited liability company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

Plaintiff Agave Loco LLC ("Agave Loco"), by and through its attorneys, for its Complaint against Defendant Cheers Wine & Spirits, LLC ("Defendant"), states as follows:

**NATURE OF THE ACTION**

1.     This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq.*, and for trademark infringement, unfair competition, and deceptive trade practices under the laws of the State of Illinois.

2.     This action arises from Defendant's infringement of Agave Loco's family of CHATA trademarks, which is comprised of a number of trademarks that contain the distinctive term "CHATA" either alone or combined with another term (e.g., "Rum") as one word ending in "CHATA." Agave Loco's first such mark, RUMCHATA, is used in connection with a nationally and internationally popular beverage called "RumChata," a cream-based alcoholic beverage made with rum.

3.     Well after Agave Loco adopted, registered, and began using the CHATA family of marks described herein, Defendant applied to register and later began using "LEMONCHATTA"—a mark which mimics Agave Loco's marks—for an alcoholic beverage, namely, wine. Agave Loco promptly opposed Defendant's application and expressed its objection to Defendant's use of "LEMONCHATTA." In spite of Agave Loco's objection, and in an apparent effort to trade on the valuable goodwill and reputation associated with Agave Loco's mark and products, Defendant has adopted and continues to use the confusingly similar LEMONCHATTA mark in connection with an alcoholic beverage.

4.     Defendant's use of the LEMONCHATTA mark for an alcoholic beverage, which is sold in some of the same retail outlets as Agave Loco's RUMCHATA beverage, is likely to cause confusion with regard to the source, sponsorship, or approval of Defendant's product, resulting in unjust enrichment of Defendant.

5.     Agave Loco brings this action to stop Defendant's unauthorized and infringing use of a trademark that is confusingly similar to Agave Loco's marks, an award of profits resulting from Defendant's unjust enrichment, actual damages for injuries caused by Defendant, and enhanced damages based on Defendant's bad faith intent to cause a likelihood of confusion.

## PARTIES

6.     Plaintiff Agave Loco LLC is an Illinois limited liability company having its principal place of business at 1175 Corporate Woods Parkway, Suite 218, Vernon Hills, Illinois 60061.

7.     On information and belief, Defendant Cheers Wine & Spirits, LLC is a California limited liability company having its principal place of business at 806 9th Street, Suite 1A, Paso Robles, California 93446.

## JURISDICTION AND VENUE

8.     This Court has personal jurisdiction over Defendant because Defendant has engaged in business activities in, and directed to, the State of Illinois and within this judicial district, and because Defendant has knowingly committed tortious acts aimed at, and causing harm within, the State of Illinois and this judicial district.

9.     This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* This Court has jurisdiction over the subject matter of Counts I-II pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

10.     This Court has jurisdiction over claims in this Complaint that arise under state statutory or common law pursuant to 28 U.S.C. §§ 1367(a) and 1338(b) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendant transacts business in this district and because events giving rise to the claims asserted herein have occurred, and will continue to occur, within this judicial district. Additionally, the damage to Agave Loco and its intellectual property described herein occurs in this judicial district, and Agave Loco's principle place of business is in this judicial district.

## AGAVE LOCO'S BUSINESS AND MARKS

12.     Agave Loco was founded in 2005 to manufacture, market, and sell premium quality alcoholic beverages. In 2008, Agave Loco developed an innovative new beverage called "RumChata": a cream-based beverage made with rum.

13.     Agave Loco owns all rights, title, and interest in and to a number of trademark registrations issued by the United States Patent and Trademark Office ("USPTO"), including RUMCHATA, U.S. Registration Nos. 3,464,119 (registered July 8, 2008) and 4,706,590 (registered March 24, 2015); CHATA, U.S. Registration Nos. 4,210,462 (registered September 18, 2012) and 4,600,957 (registered September 9, 2014); YUMCHATA, U.S. Registration No. 4,058,609 (registered November 22, 2011); and REAL RUMCHATA BRAND RUM CREAM MADE WITH PREMIUM CARIBBEAN RUM & Design, U.S. Registration No. 4,435,909 (registered November 19, 2013) (collectively, the "CHATA Marks"). These CHATA Marks are registered for use in connection with, among other things, alcoholic beverages and liquor. A copy of Agave Loco's registrations are attached as Exhibit 1.

14.     Each of the foregoing trademark registrations is valid, subsisting, and in full force and effect. Additionally, U.S. Registration No. 3,464,119 for RUMCHATA is incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

15.     Further, Agave Loco plans to expand its CHATA Marks to include other marks containing "CHATA" as a dominant, distinctive component and combined with another term, e.g., JAVACHATA, MOCHACHATA, FRAPPACHATA, CAFÉ CON CHATA, and has filed U.S. trademark applications for such marks in connection with alcoholic beverages and other goods.

16.     Agave Loco's product sold under the CHATA Marks has become extremely popular with consumers and continues to grow in popularity.  Indeed, since its introduction in 2008, millions of bottles of RUMCHATA have been sold in the United States. One of the leading industry trade publications noted in July 2012 that "[r]ecent Nielsen national scan data ranks RumChata among both the U.S. market's leading rum and cream liqueur brands." *See Rum*

*Liqueur RumChata Enjoying Fast Start Through Cross-Category Appeal*, SHANKEN NEWS DAILY (July 5, 2012), *available at* http://www.shankennewsdaily.com/index.php/2012/07/05/3454/rum-liqueur-rumchata-enjoying-fast-start-through-cross-category-appeal/. Two years later, the same publication noted that "RumChata [] has become one of the U.S. market's top 10 liqueur brands after several years of eye-catching growth." *Shanken's Impact Newsletter*, SHANKEN NEWS DAILY, Dec. 15, 2014, at 5.

17.     The tremendous popularity of the goods offered under the CHATA Marks among consumers in the United States was further recognized within the beverage industry when Agave Loco won The Beverage Information Group's "Rising Star Brand Growth Award" in 2011, 2012, and 2013 for its RUMCHATA-branded goods. This award recognizes a brand that has demonstrated notable growth so that operators, retailers, and the industry at large can discern existing and emerging trends and tap available opportunities. *See* Richard Brandes, *2012 Growth Brands*, BEVERAGE DYNAMICS MAGAZINE, Mar./Apr. 2012, at 28.

18.     In 2013, *In The Mix Magazine*, a leading beverage industry trade publication, reported the widespread popularity of Agave Loco's RUMCHATA brand among consumers in the United States as follows:

> RumChata Brand Rum Cream continued its skyrocketing performance in the first six months of 2013 with a seventy percent increase in sales over the same period in 2012. RumChata has quickly become a call-brand by bar patrons across the country, some of who [sic] are now asking for the brand simply by calling for "Chata!" On-premise call is driving the award-winning brand's tremendous growth.

*RumChata Experiences Seventy Percent Sales Growth*, IN THE MIX MAGAZINE, Aug. 20, 2013, at 1.

19.     Moreover, in 2014, Agave Loco's RUMCHATA brand won a "Fast Track Growth Brands" award, making it one of only fifteen spirit brands to receive the award.

20.     This popularity results in part from the fact that it has expended considerable time, resources, and effort in promoting the product throughout the United States. As a result of these efforts, Agave Loco has built substantial recognition, goodwill and secondary meaning, and has developed significant and valuable intellectual property rights, in its CHATA Marks. Further, consumers identify Agave Loco as the single source of products bearing the CHATA Marks.

## DEFENDANT'S BUSINESS AND UNAUTHORIZED CONDUCT

21.     On information and belief, Defendant develops, produces, bottles, markets, distributes, and sells alcoholic beverage products.

22.     On information and belief, long after Agave Loco began using the CHATA Marks, Defendant developed and marketed a wine under the mark LEMONCHATTA, which is confusingly similar to the CHATA Marks.

23.     Specifically the "CHATTA" component of the mark is nearly identical to Agave Loco's distinctive CHATA mark.

24.     Further, the descriptive term "LEMON" precedes "CHATTA," and this structure creates obvious spelling, phonetic, and visual similarities between Defendant's LEMONCHATTA mark and Agave Loco's CHATA Marks. Consequently, the parties' respective marks all look and sound alike when pronounced. As a further consequence, Defendant's LEMONCHATTA mark and Agave Loco's CHATA Marks have similar meanings and commercial impressions.

25.     Both Defendant's LEMONCHATTA wine and the products offered under Agave Loco's CHATA Marks are alcoholic beverages that are currently being sold in at least some of the same retail outlets.

26. Moreover, Agave Loco plans to expand its CHATA Marks to include other marks featuring "CHATA" as the dominant component of the marks, and such marks will also be used with alcoholic beverages.

27. Therefore, it is likely that Defendant's use of the mark LEMONCHATTA for wine would cause a prospective purchaser to believe that Agave Loco has expanded its CHATA brands to the production and sale of wine, that Agave Loco's beverage is a key ingredient in Defendant's wine, and/or that Defendant is a licensee of Agave Loco. Consequently, use and registration of Defendant's LEMONCHATTA mark are likely to cause confusion, mistake, or deception not only as to the source of the goods, but also confusion, mistake, or deception as to whether the goods sold under Defendant's LEMONCHATTA mark are at least endorsed by, or in some way sponsored by or associated with Agave Loco.

28. On information and belief, Defendant was aware of Agave Loco's use of the CHATA Marks before commencing marketing of and offering for sale its LEMONCHATTA-branded product.

29. On information and belief, Defendant intentionally chose the confusingly similar LEMONCHATTA mark—particularly the "-CHATTA" component of the mark that is phonetically identical to Agave Loco's CHATA Marks—in order to exploit and trade off of the goodwill and popularity of the CHATA Marks.

30. Defendant never requested authorization or consent from Agave Loco to use the name LEMONCHATTA in connection with Defendant's alcoholic beverage. Indeed, Agave Loco quickly filed a notice of opposition against Defendant's trademark application for LEMONCHATTA when it learned of such application. Defendant, however, has not only

refused to stop using the LEMONCHATTA mark, but on information and belief, has expanded such use to additional retail outlets.

31. Thus, Defendant has been, and continues to be, engaged in acts that are injurious and deceptive to the public and which will cause Agave Loco irreparable harm.

32. If allowed to continue, Defendant's conduct will result in irreparable harm to Agave Loco.

## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

33. Agave Loco realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

34. Agave Loco owns and has rights to use its federally-registered CHATA Marks in connection with, among other things, alcoholic beverages.

35. As a result of Agave Loco's widespread and continuous use of the CHATA Marks in commerce, its marks enjoy considerable goodwill that has become associated with Agave Loco and its RUMCHATA product. Furthermore, Agave Loco has taken steps to enforce its rights in the CHATA Marks and has demonstrated its commitment to protecting the distinctiveness of its marks.

36. Agave Loco's rights in its CHATA Marks predate Defendant's first use of, and application to register, the LEMONCHATTA mark.

37. The LEMONCHATTA mark is highly similar to the CHATA Marks in sight, sound, and commercial impression.

38. Moreover, Defendant uses the LEMONCHATTA mark in connection with an alcoholic beverage, and thus uses the mark on goods that are substantially the same as and/or related to the goods on which Agave Loco uses its CHATA Marks.

39.     Before Defendant adopted the LEMONCHATTA mark, Defendant either had actual notice or knowledge, or constructive notice (pursuant to 15 U.S.C. § 1072), of the registered CHATA Marks.

40.     Defendant, in order to cause confusion, mistake, or to deceive customers, and in an attempt to trade on the goodwill, reputation, and marketing power established by Agave Loco under the CHATA Marks, deliberately and willfully adopted, commenced to market, and used the mark LEMONCHATTA in connection with an alcoholic beverage.

41.     Defendant's unauthorized use of the LEMONCHATTA mark is likely to cause confusion, deception, or mistake with regard to the source of its LEMONCHATTA product, and with regard to the sponsorship, approval, or affiliation of Defendant by or with Agave Loco.

42.     Defendant's unauthorized use of the LEMONCHATTA mark deprives Agave Loco of the ability to control consumer perception of the quality of the goods and services marketed under the CHATA Marks and, instead, places Agave Loco's valuable reputation and goodwill into the hands of Defendant, over whom Agave Loco has no control.

43.     The aforementioned acts of Defendant constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

44.     The intentional nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

45.     Agave Loco has been, is now, and will be irreparably harmed by Defendant's aforementioned acts of infringement, and, unless enjoined by the Court, Defendant will continue to infringe upon the CHATA Marks.  There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**COUNT II**
**UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT (15 U.S.C. § 1125(a))**

46.     Agave Loco realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

47.     Defendant's unauthorized use of the LEMONCHATTA mark falsely suggests that its goods are connected with, sponsored by, affiliated with, related to, and/or approved by Agave Loco and its product marketed under the CHATA Marks.

48.     On information and belief, Defendant has acted with knowledge of Agave Loco's CHATA Marks and with deliberate intention to unfairly benefit from the goodwill symbolized thereby.

49.     Defendant's unauthorized use of a confusingly similar trademark constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Agave has been, is now, and will continue to be irreparably harmed by Defendant's aforementioned acts of unfair competition of false designation of ownership, and, unless enjoined by the Court, Defendant will continue to infringe Agave Loco's rights. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT / UNFAIR COMPETITION**

51.     Agave Loco realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

52.     Because Agave Loco's significant promotion and advertising efforts under the CHATA Marks, the marks have become uniquely associated with Agave Loco and identify

Agave Loco as the source of its RUMCHATA product. Agave Loco's CHATA Marks are valid trademarks under the common law.

53.     Defendant's acts constitute trademark infringement under the common law.

54.     Defendant's unauthorized and infringing use of the LEMONCHATTA mark also constitutes unfair competition with Agave Loco under the common law, in that such use enables Defendant to obtain the benefit of, and trade upon, the widespread recognition and goodwill of Agave Loco; Agave Loco has no control over the business of Defendant and its impact on Agave Loco's goodwill; and such use is likely to cause confusion, mistake, or deception, and result in the unjust enrichment of Defendant.

55.     In addition, Agave Loco has been, is now, and will be irreparably harmed by Defendant's actions complained of herein, and unless enjoined by this Court, Agave Loco will suffer further harm, constituting an injury for which there is no adequate remedy at law.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES (815 ILCS § 510/2, *et seq.*)**

56.     Agave Loco realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

57.     Defendant has engaged in unfair or deceptive acts or practices, and thereby has created a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of the product it is offering for sale; created a likelihood of confusion or misunderstanding as to whether Defendant is affiliated, connected, or associated with Agave Loco; and otherwise has engaged in conduct creating a likelihood of confusion and/or misunderstanding as to the affiliation with, connection with, or certification by another. The aforementioned acts of Defendant complained of herein violate the Illinois Uniform Deceptive Trade Practices Act.

58.     Defendant has willfully engaged in the deceptive trade practices described in this Complaint.

### PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Agave Loco respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with it, be permanently enjoined and restrained from (a) using in any manner the CHATA Marks, or any colorable imitation of those marks (including, but not limited to, any mark consisting of a descriptive term followed by "CHATA" or "CHATTA," such as LEMONCHATTA), as a trade name, trademark, service mark, or domain name; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or current or prospective customers of Agave Loco's products, with respect to the source of the products offered for sale, distributed, or sold by Defendant, or with regard to there being a connection between Defendant and Agave Loco;

2.     A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Agave Loco within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and implemented adequate and effective means to discontinue doing business and offering or selling goods using the LEMONCHATTA mark, as set forth above;

3.     A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendant account for and pay to Agave Loco damages arising from Defendant's violation of the Lanham Act;

4.      A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendant account for and disgorge to Agave Loco all of the profits realized by Defendant or others in active concert or participation with Defendant, relating to the use of the LEMONCHATTA mark, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S.C. § 1117, plus interest;

5.      A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all articles, promotional items, literature, sales aids, packaging, or other materials in the possession, custody, or control of Defendant or its agents or distributors, bearing any mark confusingly similar to the CHATA Marks, both alone and in combination with other words or terms, including all plates, molds, matrices, and other means of making such items;

6.      A judgment, pursuant to 15 U.S.C. § 1117 and/or 815 ILCS § 510/3, allowing Agave Loco to recover its costs and attorneys' fees incurred in connection with this action;

7.      A judgment requiring that Defendant pay pre- and post-judgment interest; and

8.      A judgment granting Agave Loco any relief that the Court deems just and proper.

## **JURY DEMAND**

Agave Loco hereby demands a jury trial.

Dated:  June 9, 2015                KATTEN MUCHIN ROSENMAN LLP

By:    /s/ Floyd A. Mandell              
      Floyd A. Mandell (#1747681)
      Carolyn M. Passen (#6283537)
      Thomas J. Maas (#6293270)
      Julia L. Kasper (#6309387)
      KATTEN MUCHIN ROSENMAN LLP
      525 W. Monroe Street
      Chicago, IL 60661-3693
      Telephone: 312.902.5200
      Facsimile: 312.902.1061

      *Attorneys for Plaintiff Agave Loco LLC*

14